## SMITH v. UNITED STATES.
### No. 4856.

Circuit Court of Appeals, Seventh Circuit. Feb. 17, 1933.

Frank C. Wade, of Terre Haute, Ind., for appellant.

George R. Jeffrey, U. S. Atty., and Alexander G. Cavins and Telford B. Orbison, Asst. U. S. Attys., all of Indianapolis, Ind.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

EVANS, Circuit Judge.

Appellant was, in February, 1920, honorably discharged from United States military service into which he was inducted October 4, 1917. His right to recover upon the insurance policy, issued to him by appellee during his service, depends on whether the evidence showed him to be totally and permanently disabled on March 31, 1920, at which time he ceased to pay premiums on said insurance policy. The parties waived a jury trial. The court made no special findings, but appellee's counsel moved for a finding in its favor on the single issue in controversy and

for a judgment on such finding. The court sustained the motion, and judgment was entered for appellee.

■ In the face of this record, which is equivalent to a direct finding that the evidence failed to establish appellant's permanent and total disability when he ceased paying premiums assessed on his insurance policy in 1920, it is incumbent upon him to convince us that the evidence so overwhelmingly established total and permanent disability that a contrary finding should not be allowed to stand. This burden counsel for appellant has squarely recognized and undertaken to meet, and he has set forth the facts fully and fairly upon which he seeks our favorable judgment.

■ We have carefully examined the testimony, which was not extensive, but are unable to agree with his contention that the evidence was wholly insufficient to support the judgment. In fact, we agree with Judge Baltzell that the weight of the evidence is in favor of the position that appellant was not totally and permanently disabled when he was discharged. A brief statement of the facts upon which this conclusion is based, we herewith submit.

Appellant was seriously wounded on October 4, 1918, through the explosion of a shrapnel shell, and his recovery from such injury might well be termed miraculous. After his discharge, he was in vocational training for about twenty-eight months and thereafter for a period of six years worked as a shoe repair man. The extent to which he worked at this occupation is disputed. Appellant said that he worked about one day a week. His employer, Haseman, stated that while his record of appellant's work was lost, and he did not know what had become of it, he estimated that appellant worked one or two days a week and that he did not think he averaged two days a week. However, Haseman admitted previously signing an affidavit wherein he stated:

"* * * I employed Vern Smith as a shoe repairman from the Fall of 1927 until February, 1930. I cannot say exact. I paid him at rate of thirty-three dollars per week for six days per week, ten hours per day. He however did not work full weeks every week during the above period of time as he was not always needed. He worked a few, not many, full weeks, but mostly only three or four days per week, sometimes 2 days. When he did not work full weeks I paid him five dollars per day and eight dollars for Saturdays. He was a very good repairman and did an average workman's work. He was reliable and a willing worker and was seldom absent because of illness. Towards the latter part of 1929 however he became sort of quick tempered and was 'cross' with the customers. The last day he worked he became completely exhausted and had to go home. He hasn't worked since. He always complained of his head aching and had a cold almost continuously. He worked many days when unable, because he needed the money. His average earnings during his employment with me were approximately fifteen dollars per week. His knowledge of shoe repairing is very good, better than average."

Appellant was married in 1920.

Several doctors gave it as their opinion that appellant was not totally disabled.

It further appeared that appellant, in 1927, took out an insurance policy with the Prudential Insurance Company. In the application he made the following answers to these questions: "What is your present condition of health?" "Good." "When last sick?" "Not recently." "Does any physical or mental defect or infirmity exist?" "No." "On what dates and for what complaints have you been attended by a physician during the last three years?" "None."

Appellant attempted to explain the application by stating that he knew nothing about what was written on page three of the policy, but admitted it was his signature at the bottom of the page.

The judgment is
Affirmed.